# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**DAVID ALFRED KELSEY**,

        Plaintiff,

    v.

**B. CAIN**, *et al.*,

        Defendants.

Case No. 2:18-cv-01021-SI

**ORDER**

**Michael H. Simon, District Judge.**

Plaintiff David Kelsey, *pro se*, filed a claim under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the Eighth Amendment by failing to provide him with adequate medical care. Specifically, Plaintiff alleges that he was denied surgery for a hernia in 2015, that the surgery was scheduled in 2016 but was cancelled, and that he eventually had to have emergency surgery, with significant complications, on January 19, 2018. ECF 2. Defendants now move for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA").

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

The exhaustion provision of the PLRA states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204 (2007). The defendant has the burden to prove that there was an available administrative remedy, which the prisoner failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). After the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v.*

*Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). The ultimate burden of proof, however, rests with the defendant. *Id.*

## DISCUSSION

Plaintiff filed suit concerning his medical treatment at Snake River Correctional Institute ("SRCI") while still incarcerated, and his claims are therefore subject to the PLRA. *See Jackson*, 870 F.3d at 935. Plaintiff asserts that on July 20, 2015 he first reported to Dr. Gulick at SRCI that he was in pain due to a hernia. ECF 2. Plaintiff asserts that he was refused surgery at the time. *Id.* Plaintiff was again seen in January 2016 for the pain, but was only given an antacid by medical staff. *Id.* Plaintiff asserts that at some point surgery was approved for the repair of his ventral hernia, but then surgery was cancelled on December 6, 2017. *Id.* On January 19, 2018, Plaintiff had to have emergency surgery for the hernia. *Id.* Plaintiff asserts that because of the delay, he was forced to have a more complicated surgery, has suffered infections, and has a wound that will not heal. *Id.* Plaintiff brings this claim for medical negligence and for pain and suffering. *Id.*

The Oregon Department of Corrections ("ODOC") has a grievance review system with a two-level appeal process set forth in its administrative rules. *See* Oregon Administrative Rules Chapter 291, Division 109; *Faunce v. Paulson*, 2018 WL 2770641, at *2 (D. Or. June 8, 2018) (discussing ODOC's grievance process). James Taylor, the Grievance Coordinator at the SRCI, stated in support of Defendants' motion for summary judgment that Plaintiff did not file any grievances concerning his medical care in 2015, 2016, or 2017. ECF 15 ⁋ 12. On February 26, 2018, Plaintiff submitted a grievance concerning many of the issues raised in his complaint. *Id.* ⁋ 13. The grievance was returned to Plaintiff because it was procedurally defective. *Id.* ⁋ 14. Specifically, the grievance addressed multiple matters and it raised claims not within the jurisdiction of the ODOC. *Id.* Plaintiff was given 14 days to resubmit his grievance and was

offered assistance from an inmate legal assistant, but Plaintiff did not resubmit the grievance. *Id.*
¶¶ 15-16. Plaintiff also filed a tort claim notice concerning the same issues in his grievance
during the course of the litigation in the pending case, which Taylor states would have resulted in
the rejection of additional grievances or appeals under the ODOC's administrative rules. *Id.* ¶ 17.
Taylor concludes that Plaintiff failed to pursue his available administrative remedies for this
claim. *Id.* ¶ 18.

Plaintiff acknowledges in his Complaint that he has not filed a grievance concerning the
facts relating to this action. ECF 2. But Plaintiff asserts in his Response to Defendants' Motion
for Summary Judgment that after Taylor returned Plaintiff's grievance because it addressed
multiple matters, Plaintiff spoke to "James Taylor's Clerk Krueger." ECF 23. Plaintiff alleges
that clerk Krueger told him that he could not file a grievance on an Eighth Amendment issue, and
that Krueger would get back to Plaintiff on how to proceed, but did not do so.[1] ECF 23.

Plaintiff's assertion is exactly the type that the Ninth Circuit has held may demonstrate
that local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously
futile. *Williams*, 775 F.3d at 1191. In *Williams*, the panel found that the district court had erred in
granting judgment to defendants on the basis of PLRA exhaustion. The panel noted that the
plaintiff in *Williams* had met her burden of production in showing that administrative remedies
were not available to her:

> "To be available, a remedy must be available 'as a practical
> matter'; it must be 'capable of use; at hand.'" *Albino v. Baca*, 747
> F.3d 1162, 1171 (9th Cir. 2014) (quoting *Brown v. Croak*, 312 F.3d
> 109, 112 (3d Cir.2002)). Williams alleged in her complaint that she
> first tried informing Officer Paramo about the facts alleged in her
> complaint, but that he did not help her and told her, "So what!
> That is not my problem! That is your problem!" She then

---

[1] Defendants assert in their Reply that Krueger is an "inmate clerk." ECF 24. Defendants
do not contest Plaintiff's assertion that Krueger rejected Plaintiff's grievance.

> attempted to file a grievance and an appeal on January 5, 2012
> with Officer Cobb, who rejected the grievance and refused to file
> the appeal. Because an administrative remedy is not available if
> "prison officials inform the prisoner that he cannot file a
> grievance," *Williams's statements that she was thwarted from
> filing a grievance and appeal meet her burden of
> production. Brown v. Valoff,* 422 F.3d 926, 937 (9th Cir.2005)
> (quoting *Croak,* 312 F.3d at 113 (internal quotation marks
> omitted)).

*Id.* at 1191–92 (emphasis added). Here, too, Plaintiff alleges that prison officials informed Plaintiff that he could not file a grievance, and therefore Plaintiff has met his burden of production in showing that administrative remedies were not available to him.[2]

Nor does Defendants' response carry their ultimate burden of proof in light of Plaintiff's factual allegations. Defendants argue in response to Plaintiff's assertion that "[i]t is unclear from the record why Kelsey was informed by the clerk that he could not grieve his Eighth Amendment claims." ECF 24. Instead, Defendants argue that for this rejected grievance, "[t]o the extent that Plaintiff was attempting to grieve issues pertaining to his medical care in 2015-2017 . . . those claims would have been untimely unless plaintiff could demonstrate physical incapacity or that he was otherwise unable to file within the timelines established by the rule. *See* OAR 291-109-0150(2)." ECF 24.

The timeliness requirement is 30 calendar days from the date of the incident giving rise to the grievance, subject to the "physical incapacity" or "otherwise unable to file" exceptions. OAR 291-109-0150(2). Plaintiff's emergency surgery took place on January 19, 2018, and his grievance that was rejected was dated February 26, 2018. ECF 2. Although the period between

---

[2] Plaintiff also states in his Complaint that he did not file a grievance because his claims concern his constitutional rights, which is entirely consistent with his assertion that Clerk Krueger told Plaintiff that he could not file a grievance for his Eighth Amendment rights. ECF 2. In general, a prisoner's claim regarding constitutional rights is also subject to the PLRA's exhaustion requirement. *See Roles v. Maddox,* 439 F.3d 1016, 1018 (9th Cir. 2006).

these dates is longer than 30 calendar days, Plaintiff was hospitalized for twenty days after the surgery due to infections and other complications. ECF 2, 23. The Court therefore finds that had Plaintiff not been told by clerk Krueger that he could not file a grievance for an Eighth Amendment claim, Plaintiff could likely have demonstrated that he was physically incapacitated or otherwise excepted from the 30 calendar-day timeline. Thus, Defendants have neither rebutted Plaintiff's evidence that administrative remedies were not available to him at the time he tried to file the relevant grievance, nor carried their ultimate burden.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF 14) is DENIED. Defendants' Motion for a Stay of Discovery (ECF 19) and Plaintiff's Motion for an Extension of Time (ECF 22) are DENIED as moot.[3]

**IT IS SO ORDERED.**

DATED this 22nd day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] Defendants' motion to stay discovery requested that plaintiff's discovery requests not pertaining to exhaustion should be stayed pending resolution of Defendants' motion for summary judgment. Because the motion for summary judgment is now dismissed, the motion to stay is denied as moot.